of the day, Washington v. Marion County Prosecutor. Miss McGbeth. May it please the court. This case is moot, so we would ask this court to dismiss the appeal and remand to the district court with instructions to vacate its judgment. The district court declared Indiana's civil forfeiture statutes were unconstitutional with respect to the seizure of vehicles. And it enjoined enforcement of those statutes because vehicles could be seized and held for forfeiture proceedings without an opportunity for the vehicle owners to challenge the pre-forfeiture deprivation of their vehicle. After the district court's judgment was entered, the General Assembly amended the statutes and now provides for probable cause hearings post-seizure, pre-forfeiture, and for innocent owners to seek provisional release of their vehicle. What does it do for the so-called non-innocent owner? It provides a probable cause hearing where a judicial officer must find that there's probable cause for the vehicle to be subject to seizure. So it does that. For the non-innocent owner? I'm sorry? For the innocent owner, it does. Well, for the non-innocent owner alike, there's now a probable cause hearing where a judicial determination must be made that the vehicle will be subject to seizure. The innocent owner gets the added protection of being able to come in and ask for a provisional release of the vehicle. So those are the two, I think, significant... What happens if the driver of the vehicle, the non-innocent owner, prevails at this probable cause hearing? Then the state may not seize the vehicle. It must be returned to the owner. That's the state's reading of the statute. Yes. So these are the two amendments that most significantly change the statute that was enjoined. And of course, the injunction didn't reach these amendments because they didn't exist at the time that the court entered its judgment. For that reason, this case is moot because the statutes that were enjoined are no longer in effect. The new amended statutes now dictate how civil forfeiture proceedings are done in Indiana. What's the form for the provisional, did you call it? The provisional release? Yeah. What's the form for that? Where does someone go to get a provisional release? They file a petition with the court. Once a probable cause hearing has been held and a probable cause has been found, then the prosecutor must send notice to the owners of the vehicles, informing them there that they have the right to petition that court for provisional release of the vehicle. And what do they need to show? They need to show that they're the owner, that their family or they will have some benefit to be derived from being able to keep the vehicle during the proceedings, and that they were not aware that the vehicle was being used for criminal activity. Well, that third part is the hard part. That's the hard part. But if they... I mean, what if somebody just knows somebody, loaned them the car, should have known better the guy's a bad guy, but, you know, I mean, this is going to take a while. Well, but that's the... But they asked for the opportunity to be able to do that. And so now they've been given that opportunity. Whether they're successful or not remains to be seen on a case-by-case basis. The facial challenge to the statute was that no owner had the opportunity to do that. That's no longer the case. That provision that the district court specifically targeted, the lack of that opportunity is no longer relevant because that opportunity does now exist, which is what makes this case moot. What the court has enjoined is no longer in effect, is no longer relevant to the civil forfeiture proceedings. This case is very similar to this court's decision in Zusser v. Keith from a few years ago. That was the election code, where the absentee voters didn't have a chance to have notice in the hearing that their ballot was going to be rejected. While that case was pending, the election, or the general assembly amended the election code and provided for notice in hearing. This court found because of that, because the existing statute that had been found unconstitutional no longer existed, the case was moot. And there's precedent out there. That was not a startling ruling by any means. I think what this case, the real question is, because this case is moot, do we need to vacate the injunction? The state's position is that we do because we can no longer defend the pre-amendment statute because it no longer exists. And that's what this appeal was all about. What did the court below do with the amendment? Nothing, because the court had already ruled before the amendment was passed. Is this something that should occur at the district court level? Well, I don't think so in this case, because I think the changes are significant enough that it has changed the characteristic of what the litigation would be. The class, as defined by the district court, was very broadly vehicle owners who had their  But under the new statute now, a lot of those vehicle owners, well, there are opportunities for hearing whether it's a probable cause or whether it's an innocent owner who can then actually come in and challenge seeking to have the vehicle returned pending forfeiture. So I think those are significant enough changes. It changes the class as it was defined under the original statutes, which I think makes it very difficult to go back and have the district court look at whether the amendments would satisfy some theoretical constitutional challenge that no one's actually made to the amendments at this point. Well, that's the point. They haven't made it because it's a subsequent enactment and nobody's looked at it down there. Nobody's been asked to. Nobody's challenged it yet. In fact, and another reason why I think vacator is appropriate as an equitable relief in this case is because the prosecutors at this point in the state of Indiana is treating the amendments as new statutes, not covered by the injunction, because they are providing the relief that the district court had said needed to be provided. So part of the reason why the state is asking for vacator here is because to sort of remove that threat of prosecutors being held in contempt for now operating under the new statutes when there's an injunction that may or may not be applicable to the new statutes. It was a very broadly worded injunction directed at and joining the enforcement of Indiana Code 34-24-1-1 in conjunction with all of the provisions of the same chapter. So because of that, it's I think there is a threat of prosecutors being found in contempt if they're proceeding under the new amended statutes, which weren't in effect and so weren't contemplated by the injunction that the court actually entered. Counsel, I'm sorry. No, go ahead. I was just going to say, what does the government do with a forfeited car? Now, as opposed to- Well, all right. Now? They are operating under the amended statute, so they seek a probable cause hearing within seven days of seizure if it's been an incident to an arrest or cert as the statutes provide. If probable cause is found, they issue the letters to vehicle owners. Vehicle owners can ask for a provisional hearing. It's not in the record, obviously, because this has all happened afterwards, but it's my understanding that they have started to hold provisional hearings for car owners. And if the owner prevails at a provisional hearing, the car gets returned. If there's no probable cause to begin with, the cars get returned. Car returned its moot then, right? For that particular, sure. I mean, and that was one of the, you know, we argued- This goes back to my question, though. What happens if it's a non-owner? I have the statute in front of me. What happens, how does the non-owner have any, he had possession of the car, he got caught with it, how does he get a chance to be heard on this? The non-owner or the non-innocent owner? The non-innocent non-owner. They don't get the same relief that the provisional release provision provides, obviously. There's a probable cause determination that provides one layer of protection that this is not an erroneous deprivation. If they're not an innocent owner, then they have the forfeiture hearing within the 90 days. So, they don't have the second chance to say, I should be able to keep my car like the innocent owner does. Keep my possessory interest in the car, yeah. I'm sorry? That's, keep my possessory interest in the car. Right, they don't- That's the sticking point. That's what's standing between you and getting the relief you want right now, and we should speak to it. Well, here's why I think it's not a sticking point for us. Because they're not a non-innocent owner. And the district court was specifically concerned about the innocent owner being able to challenge the pre-forfeiture deprivation of their car. The district court did not seem to be so concerned about a non-innocent owner having to wait for the forfeiture proceedings. One of the concern was that there was this, you know, could be a six month delay before your forfeiture. The district court wasn't so worried about it. The second circuit was kind of worried about that and its decision on this matter, though. And that's what's bothering me. The second circuit was, in the Kremstadt case. And the district court relied heavily on that case. But again, it was the innocent owner, I think, that was driving the concern for some challenge to the state being able to keep the vehicle until the forfeiture hearing. For the innocent owner. Indiana has taken care of that concern. The innocent owner can come and say, I should be able to keep my car until you've decided, through the forfeiture proceeding itself, whether ultimately the state gets this. The non-innocent owner doesn't get that protection. What does he get? He gets the probable cause hearing where a court determines that this vehicle is subject to seizures. You keep using the word hearing. Is there a hearing under the statute? A probable cause determination. Probable cause determination. It's ex parte. It's ex parte. Although, I'm not aware that there's any reason why someone could not ask for a probable cause hearing as they are allowed to do in criminal cases. But that hasn't come up. I don't believe anyone has. Under Indiana procedure, you say they can in a criminal case? They can ask for a probable cause hearing. It doesn't have to be granted, I don't believe. But they can ask for it. Similar to the criminal, we now have a requirement for that probable cause determination to be made. The concern under the pre-amendment statutes was that law enforcement officers going about their business, doing their job, could arrest someone and subject to that arrest, seize the vehicle. Without any determination that the vehicle is subject. That has now been addressed. Judicial officer has to make a probable cause determination that the vehicle is subject to seizure. If it's a non-innocent owner because the owner of the vehicle was arrested during that situation, then we do have more of a connection between the owner and the criminal activity than we have with an innocent owner. And then you say within 90 days there has to be a what? The civil forfeiture hearing itself. Now, the accused, does he have any rights at that hearing? Yes. Yes, the owners can come in and present evidence. The prosecutor would have the burden to show the owner was aware of what was going on with their vehicle. How about the non-owner defendant? The guy who was driving the car is not the owner. It says he has a possessory interest in the car. I believe if he can show he has a possessory interest in the car after the car has been seized, because I believe... His brother owns the car in Yale, but he's been driving the car for the last two years. But it's his brother who has ownership of the car and who we're concerned with. Unless there's some kind of security interest that the brother has in the car. I think due process is not equipped or maybe that's not the right word, but the due process concerns... Well, if our guy is out on bail and he uses the car to get to work, he's got a real interest in having this car. But it's his brother that would have the car returned to him. And then presumably the brother could let him drive it again. It's not being taken away from the non-owner of the vehicle. It's the owner of the vehicle that's being directly deprived when the state takes their property. The night the car is taken, it's taken from the guy who's driving the car. It's being taken from him, but he doesn't have the ownership interest that entitles him to the due process notice in a hearing before he's deprived of it. That's the position of the state? Yes. I think it's the brother who owns the car who has the right to come in and say, I didn't know my brother was using it for criminal activity. I should be able to have my car back. Now, I don't know that there's anything that would prevent the brother who owns the car, as I said, from then letting his brother drive it again at his peril. He would not be an innocent owner the next time brother got into trouble with it. But it's the owner or security interest or lien holder of the vehicle that has the interest that due process is in place to protect. Not someone who's using it. And I think that's the distinction. We're looking at what interest is due process. And in your view, he has no protectable property interest? Not the brother who's just using it. I don't think so. Not as a general matter. I want to ask again, what does the government, why is the government taking and confiscating the car in the first place? Well, the purpose of civil forfeiture is to deter crime. So if we take away the instruments that are being used, that's the purpose. Are they able to sell the car or do something with it? They can. Once they've actually gotten the judgment of forfeiture and the car is theirs, they can use it, they can sell it. Or sell it and use it to get other criminals. Like a lot of times they do when they confiscate money. Then they get a big pile of money and now they can use that for buys. The proceeds of civil forfeitures are divided between law enforcement and the common school. But a car is different than money. It's something that people need to just use whatever you want to call it. When somebody is driving a car, it's somebody else's. It may be somebody who thought they were going to the store. It could be a relative even. But once that car is taken, it's really designed as a punishment. Forfeiture, I would assume. You say, well, it's a question of I don't know what. I assume they're punishing you. That's not the purpose. Does she say it's not the purpose? Punishment is not the purpose. It's deterrence and it's to take them off the street. The vehicles that are being used for the criminal purposes. Taking something away as an incentive for not using it in a bad way. So it's not designed to be punitive. It's punitive because you don't have the car anymore. Right. But if you're an innocent owner, you can now come in and say, but I shouldn't be deprived of it pending that forfeiture determination. And that gets into the 90-day frame. Yes. And so there is a concern because there is a high private interest in a vehicle. That's, I think, not up for debate. It is a high interest when we take someone's vehicle away. They have a big interest in their car just for the reasons you said. But equally, we're looking at the government interest in taking vehicles out of criminal activity and being able to eventually forfeit them, which that's not really relevant. Why and how the forfeiture, whether they ultimately get the car, we're concerned with that period of time before that determination is made in this case. So the government also has an interest in keeping it off the streets and preserving the value of that property, the vehicle, while waiting for the forfeiture determination. So what's that, in an impoundment lot or something? That is one thing that they can do with them. The statute gives them... Then you've got to buy it out of there, right? If there's an innocent owner, they don't have to pay the fees to get it out of the impoundment lot. They eventually get it back. That's on the government. So you're right, though, that people do have an interest. And so we have to look at what procedures are in place to protect their interest in their vehicles vis-a-vis the interest the government has in seizing and holding onto the vehicles to preserve them. And so what the district court enjoined were statutes that didn't address those concerns. The statute now does. The injunction should be vacated because it's no longer relevant. If someone... I will reserve the rest of my time. I don't want to cut you off.  I'll use it in rebuttal. Thank you. Thank you, Ms. McGrath. Mr. Cardella? May it please the court, my name is Jeff Cardella. I represent the appellee, Leroy Washington. In the district court order, Judge Magnus Denson said that at a minimum, there must be a timely post-seizure, pre-forfeiture hearing. Before moving into my argument, I want to pose a rhetorical question for you just to keep in the back of your mind. And the rhetorical question is as follows. If an owner's vehicle is seized, how many days will pass before they have a right to an adversarial hearing in a courtroom? How many days will pass? If that question cannot be answered, and it cannot, then the law is still defective. The prosecutor has made the argument that the hearing must be held within 90 days. That is false. If you look at the statute, it says the complaint for forfeiture must be filed in 90 days. So in other words, the process has to begin in 90 days, not end in 90 days. So when we look at that question... The request for provisional release... You can do that the day after it's seized, right? You could, but even... and that's a separate point. The statute doesn't require the provisional release hearing to be held in any particular time. It could be six months. It could be a year. The statute doesn't set any time limit for when that provisional release hearing happens. But when can it be filed?  There's nothing... so for example, if my car is seized, I could go file it later that day. I don't think anything would prevent me from doing that. Now the issue is that provisional release hearing, the way the statute is written, it might not happen for six months. It might not happen for a year. Every case that has looked at these, whether you call them provisional release, whether you call them post-seizure, pre-forfeiture hearings, they have looked at when does the hearing happen. How many days will pass? And here, Indiana law, it has taken a step in the right direction, but it has still fallen far short of what the Constitution requires. Do most jurisdictions specify in the statute within how many days the hearing must take place? Yes. Yeah. There has to be some sort of adversarial hearing where the owner has the right to present evidence. Basically a probable cause... it can be called a probable cause style hearing. It can be called provisional release. It can be called a post-seizure, pre-forfeiture hearing, but there has to be some sort of guaranteed hearing within a certain period of time. And Indiana has not created that. So they have said, you can have this hearing, but we're not going to put any time limits on when it happens. And that's a major problem. That was the main thing, is there must be a timely post-seizure, pre-forfeiture hearing. And that's what the district judge ordered. The other issue we run into... What does that mean? What does the district court mean when the time... Well, I... To satisfy what you would say, Mr. Cardell, it's constitutionally required. Courts looking at this have been very hesitant to put a specific number of days in place. And I think that's probably a good idea. I don't think it's a good idea for any court to come out and say, this is how many days you have to do it in. I think what the court should really do is look at the statute as it is written. And if it says you have to do this within six months, I think in a situation like that you can say, hey, that's too long. We're going to find this unconstitutional. Legislature, it's your job to rewrite the law. Or in a situation like this where they say, okay, we'll give you this hearing, but we won't... There's no time limit on when it happens. It could be hypothetically in five years. I think it's the court's place just to say, hey, we are here to determine if the statute is constitutional or unconstitutional. We're not going to tell you how to rewrite it. Now, personally, I think it should be as short as reasonably possible, maybe seven business days, ten business days. I don't know for sure. But we're not here to write the statute. That's the job of the Indiana legislature. It's just our job... Well, it's your job to look at, okay, you guys have created this right to a provisional release hearing, but there's no time requirement. Do we have any history under the new amendments? When you say history, I'm not sure... Well, I mean, do we know whether the state is doing it within seven business days or ten business days? Well, even if the state were... First, I don't think there's any reason to believe they are doing them that quick. Even the probable cause affidavit doesn't have to be filed for seven days. So I'm very certain the provisional release hearings are not happening that quickly. But the question is, does the statute have these due process requirements in place? In other words, does it give law enforcement the discretion to abuse due process? And I think that's what a lot of the courts, Crimstock and the other courts have looked at, is what does the statute actually allow law enforcement to do? Because we don't want to create situations where law enforcement, in certain cases, might drag their feet in order to force people to buy back their own property. It sounds here like it's the court that might drag its feet. It denies someone due process. You can file the petition the morning after the card's picked up. And it's the court that might sit on it, right? To a certain extent, the courts could sit on it, but the prosecutor could also request continuances, things like that. But there's a judicial officer who has to determine whether to grant that or say, no, come on in here, tell me why the man shouldn't have his car back. I have thought about that, and I think, to be honest, it becomes very similar to a probable cause determination in a criminal case, where you do have the executive branch and the judiciary both being required to do something within a certain amount of time. I don't think there's any reason to believe... When statutorily there's no time limits put in place, there's nothing for either the executive branch or the trial court judges to adhere to. How often are cars forfeited? A lot. I would think so, with every arrest. We have another case today where there's a car involved. I did not realize that. It's not this issue, but still, it's all the time. And they don't take the car all the time, I presume. No, a lot of times... It's a discretionary arresting officer, it seems. It is, yes, and sometimes some officers decide to seize the vehicle for forfeiture, sometimes they do not. Sometimes they seize it for forfeiture when there's no actual grounds for forfeiture. I've seen vehicles seized where the person was arrested for possession of marijuana. Possession of marijuana is not forfeitable, but once the car is seized for forfeiture, there's this long, lengthy process to get it back. So, yes, it is generally, as a practical matter, a decision being made by a police officer on the street. And once those gears start turning, it's very hard to actually get into a courtroom and say, hey, judge, there's an issue here, here is why my person should get their vehicle back. Well, see, this is a global... the whole picture of forfeiture in the first place. That's what goes on. And it seems to be kind of arbitrary at the start. It is to a certain extent. Well, no, it's not really arbitrary. A lot of times it has to do with how much the vehicle is worth. The U.S. Supreme Court just heard the Tyson-Timms case yesterday. That's a $42,000 Land Rover. If that was a $500, 1990 Nissan Altima, they probably wouldn't have even forfeited it. So it's not arbitrary. A lot of times it has to do with how much money we can make off this. Okay, thank you. That seems to be what's going on. I'm sorry, I didn't mean to... That's undone. Or whether the police officer just doesn't like the driver. I saw that happen in front of my house. There can be motivations like that by police officers. Now, there's always some, you know... Police officers are humans just like anyone else, yes. One other point... It seems to me, you know, the owner can file the next day to get the car back. And that petition is before the court the next morning. I'm having difficulty seeing a violation of the due process clause. Because being able to file it immediately... Unless you can show me a pattern and practice of Indiana sitting on these things. Since this is a new law, I cannot show a pattern of them sitting on them. So you're trying to make a facial attack on a statute that on its face is perfectly fine, it seems to me. And you, maybe as applied as not, and you just don't have the goods on that. Basically, whether this case... There are two ways this case can be looked at. And there are two statutes. I asked to have the second statute enjoined, the judge enjoined the first statute. And this case, in a lot of ways, illustrates why the difference between facial and as applied challenges is not always clear-cut. You can get to the same result either by finding the first statute unconstitutional facially or the second statute unconstitutional as applied to vehicles. So you can really get there either way. Whether it's a facial challenge or an as applied challenge, it just depends which statute you're enjoining. They're so interrelated that it's very... They can't be looked at in isolation. Has any other court ruled on this statute? Not that I am aware of, as of yet. Is it going on now or anywhere? Not that I am aware of. There's lots of arrests going on every day. Yes. That's why I wonder how many forfeitures are there. Yeah, I do not have a specific number on how many forfeitures there are. Now, obviously, this class was 200-plus people, so that gives you... It was a certain little space in time. Yes, it was a very narrow space. And that class has probably run out. But they all got their vehicles back after this decision was issued. One other thing I do want to address... In regards to the provisional release hearing, first, as I mentioned earlier, there's no time requirement under the statute for when that happens. It could arguably be at any point in time. But second, the state can always block provisional release by filing a motion to transfer. And I want to talk about these motions to transfer, because this is something very common in Indiana trial courts, but that I don't... I don't think the issue has come before this court. The state seems to be suggesting in its reply brief that the motions to transfer are mandatory, in that the statute says the court shall order the transfer. And it's important to remember that the Indiana Supreme Court has not interpreted the statute as shall. In Membrays v. State 889-NE2D-265, Indiana 2008, and I'm quoting from the Indiana Supreme Court here, the state argues that the language of the turnover statute is mandatory in that the court shall order the transfer of property to federal authorities. The court then goes on. We agree with the trial court and the court of appeals that if the search or seizure of Membrays property was unlawful, the turnover order must be reversed. The statute contemplates a lawful search. So the idea that these motions to transfer are automatic and shall always be granted is not true. The Indiana Supreme Court has not interpreted the statute that way. It's not rare that property owners win these hearings. I handled one earlier this year where the judge denied the state's turnover order. Now, it took about four months to get that ruling, but it was eventually denied. There's also a recent case from the Indiana Court of Appeals denying the request for a turnover order, Bowman v. State of Indiana. And when a motion to transfer is requested by the state, there is no requirement that that motion to transfer be dealt with in an expedited manner. Is transfer meaning transfer to the federal government? Yes. What about transfer on location? Somebody went a long way away from wherever that car is from. Do they transfer it back to their domicile? I'm not sure if I understand your question. If somebody goes a long distance, which sometimes they do, and we'll just say it's somebody from South Bend, is caught in Evansville, and is Evansville going to be the forum for whatever argument about the car, or is it going to be transferred back to South Bend? If they're transferring it to the federal authorities... No, I'm talking just whatever you do when you stop. I don't know about transfer to the federal authorities. Do you mean where does the vehicle stay? Yeah. It basically stays in an impound lot. A lot of times it just depends on who tows it. It generally would get taken to their tow lot and stay there, and then when it's released... Okay, well, it's got to be in Evansville instead of South Bend, that's all. More likely than not, yes. Okay, so the owner is South Bend? Yes, yes. I'm being hypothetical here. I'll stop. The second thing... Oh, another thing I want to point out. We keep talking about innocent owners. It's very difficult to know who is an innocent owner without having a hearing. So just to say, if you are an innocent owner, you can have a hearing. Well, how do we know that the people are innocent owners if they haven't had a hearing yet? Well, they self-identify, don't they? You know if you're an innocent owner. Yes, but to say some people don't get the right to a hearing because we have decided beforehand that they are not innocent owners is problematic. It puts the cart before the horse and presumes that certain people... So for example, somebody who has a possessory interest in a vehicle maybe not holding title, but they have a possessory interest if they feel they're innocent, they can't get the hearing because the law prevents them from doing so. So we're really putting the cart before the horse and saying we're going to allow innocent people to do something and obviously, and I know there's quotes in my brief constitutional rights are not reserved for the innocent but to say we're going to decide that certain people innocent people get the right to a hearing and guilty people don't how do we know who is who without the actual hearing? The second main point I want to make involves three subtopics that at first glance might appear to be unrelated but they all share a common thread. The three subtopics are the court granting broader relief than was originally requested, facial versus as applied and the use of the word vehicle rather than automobile. I'll discuss these in more detail, time permitting but what I want to point, all three of these subtopics involve a common thread that even if you agree with the state, it does not get the state to where it wants to be. It does not result in complete reversal so it would just require the injunction being reworded slightly. So for example even if you found the court erred in granting broader relief than was requested, this doesn't require complete reversal it merely requires narrowing the injunction to what was originally requested. Similarly, even if you found the court should have addressed the case as applied challenge, this doesn't require complete reversal, it merely requires rewording the injunction consistent with what was requested in the original complaint. Lastly, obviously if you felt that it should be limited to automobiles rather than all vehicles, you could remand with instructions to change that one word. So even if you agree with the state on those three arguments it doesn't get the state to where it wants to be in the sense that it's a complete reversal. It really is more a question of how the injunction should be. Mr. Cardello, would you say the class has changed at all as a result of the amendments? No, I think in terms of the question I think, if we're looking at is this case moved, I think the question is was the trial judge correct in finding a class existed, and she was and then I think the question before this court in regards to mootness is, does the law suffer from similar infirmities as it did at the outset? And as the judge said, the legislature must at a minimum provide a timely post-seizure, pre-forfeiture hearing. So the question is, okay has the legislature done what the judge said, which was at a minimum a timely hearing, and the question before this court is no, they didn't. There's no time requirement for when the hearing happens. Since the law still suffers from similar infirmities as it did at the outset, the case is not moot. Well, of course, as far as the classification, that's a pretty broad group of people. Yes. And there's a lot of uncommon relationships. In terms of the class itself, there is, and obviously we've both addressed commonality, typicality, things like that more extensively in our briefing. I think the judge was well within her discretion in finding that those elements were met. Well, you had mentioned the possibility of the injunction, Mr. Cardella, on remand. If the remand was appropriate in those circumstances, should the judge take another look at the amendment situation and revisit the injunction generally? I don't think that's necessary because the question is just does the law still suffer from similar infirmities as it did at the outset, and since she said there must at a I'm just thinking whether or not the state could provide any statistics or experience under the new amendment which might impact the sweep of an possible injunction. I understand your question but I think the real question is what does the law allow, not how is it actually being practiced. And if the law allows a vehicle to be held with basically a provisional hearing at some indeterminate date I don't, I think the real question before this court is does it still suffer from similar infirmities. In other words, no real time deadline. So you don't think there's any fact finding connected with timeliness? I do not. If the statute allows abuse then I think the court should merely say look, the trial judge told you how to fix the statute, very specifically explained how to do this. You guys decided not to follow that advice. The law still suffers from similar infirmities as it did at the outset. I only have, I think I have gone over my time. Well I don't want to cut you off. We've asked a fair amount of questions. If you have some other comment you certainly can make. The, just judge I would just lastly point out that what the judge said was there has to be a timely hearing that has not been created. We still have the question of if a person asks for a provisional release hearing how many days pass before they get it? That question still cannot be answered. Thank you for your time. Thank you Mr. Cardone. Ms. McMath, you have forty three seconds on the clock. I will extend to you what I extended to your brother. Thank you. I just have a couple You may have an additional two minutes. Thank you judge. I just have a couple of points to make on rebuttal. One, so we're concerned now apparently about timeliness. It wasn't enough to grant the ability and opportunity to have a hearing but it, we must on its face the statute Washington is claiming must give some time limit for that. I would suggest that as this was a facial challenge and the injunction was directed to a facial challenge of the statute, the statute has done the amendments have done what the district court was concerned about. Whether in a particular case someone can show this didn't amount to due process for me because the delay was so great it was tantamount to not really having a hearing to protect my due process, then that would be an as applied to that defendant challenge that they could bring. I don't think it's suitable to a class action facial challenge to the statute when you're right, we don't have any idea at this point whether anyone has had to wait an unduly amount of time for their provisional hearing. Certainly the class has not submitted, brought in any evidence to show that this has been a completely illusory amendment to the statute and no one's getting these hearings, timely or not. So I think it's a little premature for the district court to opine and decide whether the amended statute is facially unconstitutional under the amendments. The other thing that I wanted to, I'm not sure that we intended to indicate that transfer or turnover to the feds is a mandatory thing with a petition being filed. But what's important about the fact that you don't get a provisional release hearing if a turnover petition gets filed is that you then have the right to go to the court and have a hearing on whether your property will be turned over to the feds or whether you're entitled to keep it. So it does give that due process protection. We would ask that the court dismiss the appeal, remand and instruct the district court to vacate the injunction. The case is taken under advisement.